OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Beatrice Foods, Inc., Appellant, v.
Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Beatrice Foods, Inc. v. Indus. Comm.
(1994),      Ohio St. 3d      .]
Workers' compensation -- Bowling activities do not disqualify
     laimant from receiving permanent total disability
     compensation, when.
     (No. 93-1076 -- Submitted April 25, 1994 -- Decided June
22, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-1116.
     Claimant, Margaret Walker Wright, was injured in 1972 in
the course of and arising from her employment with appellant,
Beatrice Foods, Inc., Velva Sheen Manufacturing Division.  Her
workers' compensation claim was allowed for "lumbosacral
strain, depressive neurosis and cervical strain."  On November
6, 1986, claimant moved appellee Industrial Commission of Ohio
for permanent total disability compensation.  Drs. David H.
Gillis and Balthazar Anaya felt that claimant could not perform
sustained remunerative employment.
     At claimant's October 15, 1987 permanent total disability
hearing, Beatrice submitted evidence concerning claimant's
regular participation in a bowling league from 1981 through
1986.  Subsequently, Beatrice offered a videotape and an
affidavit from investigator Steve Winch, who "personally
observed Margaret W. Wright bowling in a league on two
different days during the months of September and October 1987."
     The commission then referred claimant for further medical
evaluation.  Dr. D.L. Brown felt that claimant's psychiatric
condition would not keep claimant from returning to even her
former position of employment.  Orthopedically, Dr. Wayne C.
Amendt felt claimant could not return to her old job, but could
do other work.  Dr. Paul H. Dillahunt assessed a combined
effects impairment of seventy-one percent, split among her
physical and psychological conditions.  He felt claimant could
not return to her former job but could do sedentary work.
     On May 1, 1991, the commission awarded permanent total
disability compensation:

"* * * based particularly upon the reports of Doctors Amendt, D.L. Brown, Dillahunt and Gillis, a consideration of the claimant's age, education * * *.

"The claimant is forty-nine years of age, with a 10th grade education and experience including sales clerk, nurse's aide and laborer. Dr. Dillahunt's 5-1-90 report states that claimant has a 71% permanent partial impairment and the ability to engage in only low stress sedentary work. The claimant does not [have] the job skills to enable her to perform such employment. Therefore, permanent and total disability is granted."

Beatrice filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in awarding permanent total disability compensation. The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Jack L. Johnson, for appellant.

Lee I. Fisher, Attorney General, and Jetta Mencer, Assistant Attorney General, for appellees.

Per Curiam. Beatrice asserts one narrow proposition of law, contending that claimant's bowling activities disqualify her from receiving permanent total disability compensation. We disagree.

First, with the exception of two random dates cited by Steve Winch, it apears all the bowling activity at issue occurred before claimant applied for permanent total disability compensation. Second, a significant percentage of claimant's inability to work is attributable to her psychiatric condition. Even if claimant's bowling is indicative of a physical capacity for work, that capacity is immaterial if the claimant's psychiatric condition, either alone or together with her nonmedical factors, combines with what physical impairment does remain to produce an inability to work. That is precisely what occurred here, as the commission's order demonstrates.

The appellate court's judgment is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick and F.E. Sweeney, JJ., concur.

Wright, J., concurs in judgment only.

Pfeifer, J., dissents.